**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

THOMAS LEE DEER,                                                                                          PLAINTIFF
ADC # 078527

V.                                           5:10-CV-00094-JJM-JJV

RAY HOBBS, Director, Arkansas
Department of Correction                                                                              DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence to be proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the

    hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

  Plaintiff, a prisoner of the Arkansas Department of Correction at the Diagnostic Unit, filed this action *pro se*, pursuant to 42 U.S.C. § 1983, arguing that his sentences are being improperly counted as running consecutively rather than concurrently.

**I. SCREENING**

  The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(A)(b).

  An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing a *pro se* complaint under § 1915(e)(2)(B), the court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The court must also weigh all factual allegations in favor of the

plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But regardless of whether a plaintiff is represented or appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir. 1985).

Following the United States Supreme Court's recent opinion in *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937 (2009), to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 1950, citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 545-46.

## II.     PLAINTIFF'S COMPLAINT

Plaintiff's complaint (Doc. No. 2) states only that, "My judgment and conviction do not show to be the same. I have been given additional charges [and] denied clemency because of poor record; made worse because of charges added on by the ADC." Exhibits accompanying the complaint reveal that in 2003, Plaintiff made a motion to the sentencing court to "Correct Clerical Mistake in Commitment Order." (Doc. No. 2 at 7). According to the order entered on May 12, 2003, by Howard County Circuit Judge Ted C. Capehart,

> The Defendant alleges that he was sentenced to a term of 60 years and he should have been sentenced to 30 years. The Court has reviewed the docket sheets and commitment orders and they reveal that this Defendant received a jury trial on the

> 25th day of January, 1989, and was sentenced to 60 years in the Arkansas Department of Correction on multiple charges. Some ran concurrent and some ran consecutive. As further evidence that there was no mistake, in CR-88-68, the charges were nolle prossed on April 5, 1989, and the Court made the notation that states, "dismissed on motion of State to nolle pros as the Defendant spending 60 years in prison." There is no mistake the Court intended to sentence the Defendant to receive a 60 year sentence and that is what was done.

*Id.* An Arkansas Department of Correction "Time Computation Card" (Doc. No. 2 at 9), which contains convictions from Miller, Pulaski, and Howard counties between 1979 and 1988, also shows that Plaintiff's sentence length is 60 years, and his parole eligibility/discharge date is April 20, 2032. A memorandum to Plaintiff from Records Supervisor Shelli Maroney, dated February 28, 2008 (Doc. No. 2 at 10) reads, in pertinent part: "There are several different dockets with different sentences listed on the Judgment and Commitment. Docket 88-70 is 30 years and 20 years. Docket 88-71 is 10 years. Docket #88-72 had to be split and loaded twice due to the Judge imposing a 30 yr sentence and stipulating that 20 years of that 30 years to run consecutive and 10 years to run concurrent to docket 88-70 and 88-71. The time card states that your total sentence length is 60 years. After careful review of your institutional file, your release dates are correct."

By way of relief Plaintiff seeks, "Correct time given. Time served with monetary re-dress. Time to run concurrent."

### III. ANALYSIS

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

*Id.* The statute was designed to provide a "broad remedy for violations of federally protected civil

rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983'- for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman v. Houston Welfare Rights Org.,* 441 U.S. 600, 617 (1979). Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (1989); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Based on the facts alleged in the instant complaint, it is clear that Plaintiff does not state a viable claim under 42 U.S.C. § 1983 against the Defendant. In *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), the United States Supreme Court delineated what constitutes a *habeas corpus* action as opposed to a 42 U.S.C. § 1983 claim. The plaintiff's label of his action cannot be controlling. *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (citing *Preiser*, 411 U.S. at 489-90). If a plaintiff is challenging the validity of his conviction or the duration of his incarceration and seeking a determination that he is entitled to immediate or speedier release, a writ of *habeas corpus* is the only federal remedy available. *Preiser*, 411 U.S. at 500; *Otey v. Hopkins*, 5 F.3d 1125, 1131 (8th Cir. 1993). It is the substance of the relief sought which counts. *Kruger,* 77 F.3d at 1073. In this

action, the plain language of the complaint demonstrates that Plaintiff is indirectly challenging the validity of his confinement.

Although the line between a civil rights action and a habeas action is sometimes murky, the Court finds that in this case the result is clear. "When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole remedy is a writ of habeas corpus." *Preiser* at 500. "In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87.

The fact that plaintiff seeks damages does not excuse him from first exhausting state remedies. If an award of damages under § 1983 would imply a plaintiff's underlying sentence or conviction is invalid, the court must dismiss the case unless the sentence or conviction has already been invalidated. *Heck* at 477, 487; *Schafer v. Moore*, 46 F.3d 43 (8th Cir. 1995) (requiring dismissal, without prejudice). The relief sought by the plaintiff is not available because a 42 U.S.C. § 1983 cause of action for damages does not arise until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal . . ., or called into question by the issuance of a writ of habeas corpus." *Heck* at 486 (1994).

In this case, Plaintiff is clearly seeking release from confinement via a re-computation of his sentence length. Absent a showing that Plaintiff has **successfully** challenged his sentence length through appropriate state procedures, his § 1983 claim is not cognizable; therefore, Plaintiff's claims

6

should be dismissed without prejudice to refiling at such time as a successful challenge has occurred.[1]

## IV. CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1)   Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE for failure to state a claim;

2)   Dismissal of this action constitutes a "strike" for purposes of 28 U.S.C. § 1915(g);[2] and

3)   The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this order and the accompanying judgment would not be taken in good faith.

DATED this 7th day of April, 2010.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] The recommendation for dismissal is without prejudice so that plaintiff can re-file his complaint should he succeed in challenging the legality of his continued confinement through appropriate state or federal remedies. *See Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir.1995).

[2] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." Dismissals pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994) are "strikes" for the purpose of § 1915(g), even though they are dismissals without prejudice. *Armentrout v. Tyra*, 175 F.3d 1023 (8th Cir. Feb. 9, 1999) (unpub. table op.) (citing *Rivera v. Allin*, 144 F.3d 719, 730-31 (11th Cir. 1998); *Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 462-64 (5th Cir. 1998)).